IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERTO ODOR, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| US GLASS LLC, and | ) | JURY TRIAL DEMANDED |
| CARLOS FREITAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Roberto Odor ("Plaintiff"), and files this lawsuit against Defendants US Glass LLC ("US Glass") and Carlos Freitas ("Freitas") (collectively, "Defendants"), and shows the following:

## I.   **NATURE OF COMPLAINT**

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA"). Plaintiff also brings an FLSA retaliation claim.

## II.   JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant US Glass LLC is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendant US Glass LLC.

5.

Defendant Carlos Freitas is a Georgia resident and is subject to general jurisdiction in this Court.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. In accordance with 28

U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendant Freitas.

6.

Defendant US Glass LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Sammy Alewine, 4154 Winters Chapel Road, Doraville, Georgia 30360.

7.

Defendant Carlos Freitas may be served with process by delivering a copy of the summons and complaint to 3717 McElroy Road, Atlanta, Georgia 30340.

### III.   PARTIES AND FACTUAL ALLEGATIONS

8.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

Defendant Freitas is the owner of Defendant US Glass LLC.

10.

Plaintiff was employed by Defendants from approximately mid-October 2019 to May 2021.

11.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

12.

Plaintiff was employed by Defendants as a non-exempt technician, and his primary job duty was manual labor, specifically tasks involved in installing and repairing windows for Defendants' customers.

13.

Throughout his employment, Plaintiff was paid a flat sum each week without regard to the number of hours worked and without overtime compensation, calculated at one and a half times his regular rate, for the hours he worked in excess of 40 in work weeks.

14.

Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

15.

Defendants are "employers" as that term has been defined by the FLSA.

16.

Defendant US Glass is a private employer engaged in interstate commerce, and its gross revenues from commercial activities exceeded $500,000.

17.

Defendant Freitas exercised control over Plaintiff's conditions of employment, including exercising power over hiring and firing, supervision, work schedules, and compensation.

18.

During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

20.

Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times his regular rate of pay for hours he worked in excess of (40) hours in given workweeks.

21.

In or about February or March 2021, Plaintiff complained to Defendant's owner, Carlos Freitas that he was not being paid overtime.

22.

Mr. Freitas told Plaintiff that Defendant do not pay overtime.

23.

In or about late March 2021, Plaintiff's employment was terminated.

24.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to his protected activity.

25.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendants' retaliatory action, for which he is entitled to recover.

## Count I

## Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Plaintiff engaged in protected activity by opposing Defendants' willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

28.

Defendants responded to Plaintiff's protected activity by terminating his employment.

29.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

30.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

31.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

32.

Defendants' actions, policies and/or practices, including terminating Plaintiff and sending Plaintiff threatening messages regarding his immigration status, violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

33.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

34.

Defendants' violations of the FLSA were willful and in bad faith.

35.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

36.

Plaintiff's statutorily protected activity was the determinative factor in Defendants' decision to terminate his employment.

37.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendants.

38.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth

herein.

40.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

41.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

42.

Defendants suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

43.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

44.

Defendants knew or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

45.

Defendants' violations of the FLSA were willful and in bad faith.

46.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)    Grant conditional certification and provide notice of this action to all

       similarly situated individuals;

(E)    Grant Plaintiff leave to add additional state law claims if necessary; and

(F)    Award Plaintiff such further and additional relief as may be just and

       appropriate.

This 23rd day of May, 2022.

                    **BARRETT & FARAHANY**

                    */s/ V. Severin Roberts*
                    V. Severin Roberts
                    Georgia Bar No. 940504

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com